[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S ORAL MOTION REGARDING SUFFICIENCY OF STATE'SEVIDENCE PRESENTED IN CHIEF ON THE JARZBEK MOTION
Defendant stands charged with Sexual Assault in the FirstDegree, in violation of General Statutes Section 53a-70(a) (1)(2), and, Risk of Injury to a Minor, in violation of Section 53-21. The State has filed a "Jarzbek motion" to proceed under the authority of General Statutes Section 54-86g(a); the State requests a court order that the five-year old child witness be permitted "to present her testimony . . . in a room other than the courtroom in the presence of and under the supervision of the Trial Judge . . ., that the testimony be delivered in the absence of the defendant, and that the testimony be recorded for later showing before the court." CT Page 9438
The State has presented the testimony of Dr. S. Owitz, a licensed practicing psychologist who has treated the child for approximately one year.[1] Dr. Owitz testified that the child has stated she will not testify in the presence of the defendant, that the child has "shut down" in the presence of the therapist, and that if called to testify in the presence of defendant, it is the psychologist's professional opinion that the child will be so intimidated or "scared" that she will not testify at all (she will "clam up"). Dr. Owitz testified at considerable length regarding her treatment, contact, and relationship with the child, and the psychologist was cross-examined extensively regarding the basis for her professional opinion.
The State has rested its evidentiary presentation on theJarzbek motion; defendant, reserving the right to present controverting evidence, has made this oral motion contending that the State's evidence is insufficient under the demandingJarzbek standard, and therefore, the court should proceed no further on the State's motion.[2] It is the court's view that in the posture of defendant's oral motion, the issue presented is whether the evidence presented by the State, and any reasonable inferences to be drawn therefrom, when evaluated (at this point) in the light most favorable to the State (that is, if entirely accepted by the court), would support a finding that the State had met its burden of proof as defined by our Supreme Court in the Jarzbek decision.
In State v. Jarzbek, 204 Conn. 683 (1987), the Court, cautioning that important, basic rights of confrontation are implicated, and that those rights encompass the physical presence of the accused (not just the opportunity for cross-examination), stated that the protection afforded by the confrontation clause is not "absolute", and that "compelling state interests" may justify dispensing with the constitutionally mandated requirement of "physical confrontation." In Jarzbek, the Supreme Court held:
 ". . . in criminal prosecutions involving the alleged sexual abuse of children of tender years, videotaping the testimony of a minor victim outside the physical presence of the defendant is a constitutionally permissible practice if, and only if, the state proves by clear and convincing evidence a compelling need to exclude the defendant CT Page 9439 from the witness room during the victim's testimony."[3] (Emphasis added)
204 Conn. supra at p. 707.
The court has carefully reviewed the transcripts of the extensive testimony presented thus far on this Jarzbek motion; in so doing, the court has remained cognizant of the defendant's fundamental confrontation rights. Furthermore, in reviewing the transcripts, the court has also been cognizant of the fact that for the State to establish the required "compelling need," it must show, by clear and convincingevidence, that "the minor victim would be so intimidated, or otherwise inhibited, by the physical presence of the defendant that the trustworthiness of the victim's testimony would be seriously called into question."[4] 204 Conn. Supra at p. 704-05. Upon a review of the evidence presented by the State, it is concluded that if such evidence were to be accepted by the court, it would reasonably support a finding that the State had met its burden under Jarzbek; that is, assessing the evidence presented, as well as any reasonable inferences which might be drawn therefrom, in the light most favorable to the State, the court could legally find that the State had satisfied its demanding Jarzbek burden.
On the basis of the aforesaid, defendant's oral motion, made at the close of the State's evidence in-chief, is herebydenied. The Clerk is directed to contact counsel and promptly schedules a date for resumption of the Jarzbek hearing.
Mulcahy, J.